IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON RUIZ, :
    Petitioner :
: No. 1:17-cv-01979
v. :
: (Judge Kane)
MICHAEL OVERMYER, et al., :
    Respondents :

## MEMORANDUM

### I. BACKGROUND

On October 30, 2017, the Court received and filed a petition for a writ of habeas corpus (Doc. No. 1), submitted pursuant to 28 U.S.C. § 2254 by pro se Petitioner Brandon Ruiz ("Petitioner"), an individual currently incarcerated at the State Correctional Institution at Forest, in Marienville, Pennsylvania. The petition alleges ineffective assistance of counsel, juror misconduct, refusal to sever trial, and inconsistent testimony by a prosecution witness in connection with Petitioner's conviction in the Dauphin County Court of Common Pleas for second degree murder. (Id.)

On November 5, 2012, Petitioner was sentenced to life imprisonment. (Id. at 20.) The Pennsylvania Superior Court affirmed Petitioner's judgment of sentence with regard to the second degree murder conviction on October 9, 2013. (Id. at 59); Commonwealth v. Ruiz, 2230 MDA 2012 (Pa. Super. Oct. 9, 2013). Petitioner did not seek review in the Pennsylvania Supreme Court and, consequently, his judgment of conviction and sentence became final on November 8, 2013, thirty (30) days after the Superior Court issued its decision.

Petitioner filed a timely, counseled Pennsylvania Post-Conviction Relief Act ("PCRA") petition on November 10, 2014. (Doc. No. 1 at 59.) Following an evidentiary hearing, the PCRA court denied the PCRA petition on October 3, 2015. (Id.) Petitioner timely appealed to

1

the Superior Court. (Id.) On July 8, 2016, the Superior Court affirmed the PCRA court's denial of the PCRA petition. (Id. at 62.) Petitioner subsequently filed a petition for leave to file a petition for allowance of appeal nunc pro tunc with the Pennsylvania Supreme Court on November 4, 2016, which was denied on January 23, 2017. See Commonwealth v. Ruiz, 164 MM 2016 (Pa. Jan. 23, 2017).

On October 30, 2017, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Upon reviewing the petition, the Court ordered Petitioner to show cause pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll § 2254, as to why his petition should not be dismissed as untimely. (Doc. No. 11.) Petitioner responded to the Order to Show Cause on March 19, 2018 (Doc. No. 12), and March 27, 2018 (Doc. No. 13), arguing that his PCRA counsel failed to promptly notify Petitioner "of the judicial rulings of the lower court," and that this breakdown in communication between Petitioner and his PCRA counsel resulted in Petitioner's untimely filing of his federal habeas petition. (Doc. Nos. 12, 13.)

## II. LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), established a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d). The AEDPA also prescribes how the one-year

limitation period is calculated, including the date on which the limitation period begins, id. § 2244(d)(1), and the circumstances under which the limitation period may be tolled, id. § 2244(d)(2). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d).

### III. DISCUSSION

Under this statute of limitation, a prisoner generally must file a federal habeas corpus petition within one year of the date his conviction became final. See id. § 2244(d)(1)(A). Here, the applicable starting point for the statute of limitation is the "conclusion of direct review or the expiration of the time for seeking such review." Id. The Superior Court affirmed Petitioner's judgment of sentence with regard to the murder conviction on October 9, 2013. Commonwealth

3

v. Ruiz, 2230 MDA 2012 (Pa. Super. Oct. 9, 2013). Petitioner did not seek review in the Pennsylvania Supreme Court and, consequently, his judgment of conviction and sentence became final on November 8, 2013, thirty (30) days after the Superior Court issued its decision. Therefore, Petitioner had one year from November 8, 2013, or until November 10, 2014, to file a timely federal habeas petition. The instant habeas petition was filed on October 30, 2017. (Doc. No. 1.) Consequently, unless it is subject to statutory or equitable tolling, it is jurisdictionally time-barred.

### A. Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly-filed state post-conviction proceedings are pending in any state court. 28 U.S.C. § 2244(2). An application for state post-conviction relief is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 431 U.S. 4, 8 (2000). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

Petitioner's counseled PCRA petition statutorily tolled the statute of limitations under the AEDPA because it was properly filed in accordance with Pennsylvania's procedural requirements. See U.S.C. § 2244(d)(2). Accordingly, the applicable limitations period was tolled from November 10, 2014, when Petitioner first filed for PCRA relief, until the completion of the collateral review process, which occurred on August 8, 2016, thirty days after the PCRA

4

proceedings terminated when Petitioner did not appeal the Superior Court's July 8, 2016 denial of Petitioner's PCRA appeal to the Pennsylvania Supreme Court. (Doc. No. 1-1 at 56.) Therefore, the AEDPA statute of limitation began to run again on August 8, 2016. Three hundred and sixty-five (365) days of Petitioner's AEDPA limitation period elapsed between November 8, 2013, the date Petitioner's conviction became final, and November 10, 2014, the date Petitioner filed his timely PCRA petition. Accordingly, Petitioner's AEDPA limitation period expired on August 8, 2016. Because Petitioner did not file the instant habeas petition until October 30, 2017, the petition is time-barred, unless it is subject to equitable tolling.[1]

### B. Equitable Tolling

In addition to a period of statutory tolling, a habeas petitioner may be entitled to equitable tolling of the statute of limitations under certain rare and exceptional circumstances. See Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Accordingly, equitable tolling is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006). The Third Circuit has found that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir.

---

[1] Petitioner filed a petition for leave to file a petition for allowance of appeal nunc pro tunc with the Pennsylvania Supreme Court on November 4, 2016, which was denied on January 23, 2017. Commonwealth v. Ruiz, 164 MM 2016 (Pa. Jan. 23, 2017).

5

1998)). The petitioner bears the burden of establishing that he is entitled to benefit from equitable tolling. Pace, 544 U.S. at 418.

The Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling purposes. See Holland, 560 U.S. at 635-54. However, the Third Circuit has repeatedly found that in non-capital cases, attorney error does not constitute the "extraordinary circumstances" necessary for equitable tolling. See e.g., Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004) (holding that "[g]enerally . . . attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation"); Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002) (holding that a petitioner's receipt of erroneous advice from counsel regarding the deadline for filing a federal habeas corpus petition did not warrant equitable tolling); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (finding that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). Generally, an attorney's delinquency is chargeable to a client and is not a basis for equitable tolling. See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 237, 237 (3d Cir. 1999).

Moreover, the actions or inactions of PCRA counsel do not constitute a state-created impediment to filing of a habeas petition. See Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1331 (11th Cir. 2008) (concluding that delayed appointment of Johnson's original state post-conviction counsel and the ineffective assistance of that counsel did not constitute an impediment created by the State because there is no right to counsel in state collateral proceedings); Castagno v. Grady, Civ. No. 12-3333, 2013 WL 3811201, at *6 (E.D. Pa. July 23, 2013) (concluding that "[i]t is well-settled that there is no federal constitutional right to counsel during post-conviction proceedings").

Petitioner contends that he is entitled to equitable tolling of the statute of limitations due to the ineffective assistance of his PCRA counsel's failure to promptly notify him "of the judicial rulings of the lower court." (Doc. Nos. 12, 13.) He asserts that this lack of communication from his PCRA counsel resulted in his untimely filing of his federal habeas petition. (Id.) In support, Petitioner attaches correspondence between himself and his PCRA counsel. (Doc. No. 12 at 7-16.) The first letter, dated April 15, 2016, requests information about the status of his case from his PCRA counsel. (Id. at 7.) Plaintiff's second letter, dated May 20, 2016, again requests that his PCRA counsel contact him. (Id. at 8.) On October 14, 2016, Petitioner again wrote to his PCRA counsel urging them to contact him about the status of his case. (Id. at 9.) On October 26, 2016, PCRA counsel wrote to Petitioner and provided:

> [a]s you are aware, the Superior Court denied your appeal on 8 July 2016. I instructed Nicole, my state court secretary at the time, to forward a copy of the denial along with a letter indicating you had thirty (30) days in which to appeal the decision, but that I was NOT going to submit the request for Allocatur . . . because, in part, I did not believe the Superior Court opinion presented a significant basis for us to challenge their decision to the Pennsylvania Supreme Court.

(Id. at 13.) From PCRA counsel's October 26, 2016 letter, it appears that counsel's administrative staff failed to send this information to Petitioner. (Id. at 14.) PCRA counsel further informed Petitioner that while he no longer represents him, that Petitioner could seek either allocatur with the Pennsylvania Supreme Court nunc pro tunc or file a federal habeas petition. (Id.) It appears that Petitioner subsequently filed an allowance of appeal nunc pro tunc on November 4, 2016 from the Superior Court's denial of his PCRA petition, which the Supreme Court denied on January 23, 2017. (Doc. No. 11 at 4 n.1.) In a following letter dated July 3, 2017, Petitioner's PCRA counsel provided Petitioner with numerous documents pertaining to Petitioner's PCRA proceedings. (Doc. No. 12 at 15-16.)

In considering Petitioner's argument and attached documents, the Court finds that he is not entitled to equitable tolling. PCRA counsel's October 26, 2016 letter to Petitioner notifying him of the Superior Court's July 8, 2016 denial of his PCRA petition does not constitute an "egregious error" amounting to an extraordinary circumstance for purposes of equitable tolling. See Schlager v. Coleman, Civ. No. 14-cv-1964, 2018 WL 1524882, at *5 (M.D. Pa. Mar. 28, 2018) (finding that counsel's failure to inform petitioner of an April 20, 2009 decision denying his petition for writ of certiorari until July 13, 2009, did not constitute an "egregious error" amounting to an extraordinary circumstance for equitable tolling).

Moreover, as set forth above, Petitioner's AEDPA limitation period expired on August 8, 2016. Therefore, Petitioner had until August 8, 2016 to file his federal habeas corpus petition. However, Petitioner argues that he failed to file his federal habeas corpus petition within the AEDPA limitation period because his PCRA counsel failed to inform him that his PCRA petition was denied by the Superior Court on July 8, 2016. (Doc. Nos. 12, 13.) While the Court finds that this is partly true, what Petitioner does not, and perhaps, cannot explain, is why, after receiving PCRA counsel's October 26, 2016 letter that unambiguously informs Petitioner that his PCRA appeal was denied on July 8, 2016, that Petitioner waited over one year to file the instant federal habeas corpus petition. From these facts, the Court cannot conclude that Petitioner diligently pursued his rights in investigating and bringing his claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Furthermore, Petitioner could have protectively filed his habeas petition in federal court to preserve his AEDPA limitations period and requested that the Court stay the habeas proceedings until any state court remedies he thought he had were exhausted. See Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009).

Additionally, even if this Court were to equitably toll the limitations period for a period of three and a half months (from the date that Petitioner's PCRA petition was denied by the Superior Court to the date that Petitioner received notice from his PCRA counsel of the Superior Court's decision), Petitioner's instant petition for writ of habeas corpus would have been filed more than 350 days after the limitations period. Consequently, the Court concludes that equitable tolling is not justified because Petitioner has failed to demonstrate that any extraordinary circumstance prevented his timely filing and because he has failed to pursue his rights diligently. Even if equitable tolling were warranted, the petition would remain time-barred. Accordingly, the petition will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), as time-barred. An appropriate Order follows.